## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARTIN TODD CAIN, #315996 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. DKC-06-1709 |
| DOUGLAS F. GANSLER[1] | * | |
| Respondent. | | |
| | *** | |

## **MEMORANDUM**

On July 6, 2006, Martin Todd Cain ("Petitioner") filed this 28 U.S.C. § 2254 Petition for habeas corpus relief, challenging his 2003 conviction in the Circuit Court for Wicomico County, Maryland.  Paper No. 1.  Respondent has filed an Answer to the Petition and Petitioner has filed a Reply.  Paper Nos. 9 & 11  After consideration of all pleadings and exhibits, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(d) & (e)(2).  For reasons to follow, the Petition is hereby denied and dismissed with prejudice.

### Procedural History

On February 5, 2003, Petitioner was charged with one count of theft valued at $500.00 or more in the Circuit Court for Wicomico County.   On July 8, 2003, a jury convicted Petitioner and on August 29, 2003, Circuit Court Judge Kathleen L. Beckstead sentenced him to eight years. Paper No. 9, Exs. 1-3.   On direct appeal, Petitioner argued that the evidence was insufficient to sustain the conviction for felony theft.[2]  *Id*., Exs. 4 & 5.  On June 1, 2005, the Court of Special

---

[1]     In light of  the retirement of Attorney General J. Joseph Curran and the election of Douglas F. Gansler, the Clerk shall amend the docket to substitute the name of Mr. Gansler as a party respondent.

[2]     Petitioner filed petitions for habeas corpus relief in the Circuit Court for Baltimore City on April 21, 2004, and in the Circuit Court for Wicomico County on May 25, 2004, challenging the legality of his
(continued...)

Appeals of Maryland affirmed the judgment of conviction.  Paper No. 9, Ex. 6.  The Court of Appeals of Maryland denied a petition for writ of certiorari on September 9, 2005.  *Id.*, Exs. 7 & 8.

During the pendency of his direct appeal, on March 15, 2005, Petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court for Wicomico County.  *Id.*, Ex. 9.  An amended petition was filed by counsel on August 17, 2005.  *Id.* Ex. 10.  The cumulative grounds alleged that: (1) the state and trial court had no jurisdiction over his case because of non-compliance with the Intrastate Detainers Act ("IDA");  (2) the state and trial court violated Maryland Rule 4-263; (3) Petitioner was denied aggregate sentences under Md. Code. Ann., Correctional Services, § 3-701; (4) Petitioner's motion for modification of sentence was timely mailed to the circuit court via the prison mail system; (5) the state knowingly used the perjured testimony of witness Buffy Brittingham; (6) the trial court should have granted the motion for judgment of acquittal; and (7) trial counsel was ineffective for the failure to seek dismissal of the charges when the case was not tried within the 120-day period under Md. Code Ann., Correctional Services, Art. § 8-502(b).  *Id.*, Exs. 9 & 10.

On September 2, 2005, a post-conviction hearing was held before Circuit Court W. Newton Jackson III.  *Id.*, Ex. 11.  The case went forward only as to the ineffective assistance of trial counsel ground presented in the counseled amended petition.  All other grounds were abandoned.  *Id.*, Ex.

---

[2](...continued)

confinement and sentence.  Paper No. 9, Exs. 15-16 & 18-19.  He claimed that his right to speedy trial under the Intrastate Detainers Act ("IDA") was violated and that he had not waived this fundamental right.  *Id.*, Exs. 16 & 19.  On May 3, 2004, the petition was denied by Baltimore City Circuit Court Judge John C. Themelis. *Id.*, Ex. 17.  After full briefing and hearing, the Wicomico County petition was denied in open court by Circuit Court W. Newton Jackson III on November 22, 2004.  *Id.*, Exs. 21-22.  Judge Jackson subsequently issued a written memorandum denying the petition on June 14, 2005.  *Id.*, Ex. 23.  Petitioner's  appeal of Judge Themelis's decision was dismissed by the Court of Special Appeals of Maryland on its own initiative under Md. Rule 8-602(a)(1).  *Id.*, Ex. 15.

11 at 3 & 6.   On September 12, 2005, an order was entered denying post-conviction relief.  Paper No. 9, Ex. 12.  On March 13, 2006, the Court of Special Appeals summarily denied Petitioner's application for leave to appeal.  *Id*., Exs. 13 & 14.

This § 2254 Petition initially poses three questions for review related to the Intrastate Detainers Act:

1.   Did the State violate the IDA, Md. Code. Ann., Corr. Serv. Art. § 8-501, *et seq*., resulting in a violation of Petitioner's right to speedy trial and equal protection under the Sixth and Fourteenth Amendments;

2.   Was Petitioner's right to effective assistance of counsel under the Sixth Amendment violated when (a) trial counsel failed to file or orally request dismissal of the charges based on a violation of his right to speedy trial and equal protections under the IDA and (b) appellate counsel failed to raise these issues on appeal; and

3.   Was Petitioner's right to due process and equal protection under the Fourteenth Amendment violated when the circuit court judge granted the State's motion for continuance, after the court and prosecutor had been served with  notice of the intrastate detainer, without affording Petitioner or his lawyer a hearing on the continuance.

Paper No. 1.

Petitioner later maintains, however, that "the relief requested in this writ is based on two claims" which relate to "Petitioner's failure to receive effective assistance of counsel as it related to Petitioner's right to a speedy trial under the [IDA]....and the Sixth Amendment to the U.S. Constitution" and "Petitioner's [Fourteenth Amendment] right to have a hearing on the state's motion for continuance...."  *Id*. at 2 & 3.

Threshold Considerations

Procedural Default

Respondent correctly argues that Petitioner's first and third grounds are procedurally defaulted [3] because the claims were not presented in the state courts on direct appeal or for post-conviction review before Circuit Court Judge Jackson. Paper No. 9, Answer at 17 & 26.

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal or by failing to timely note an appeal, the procedural default doctrine applies.  *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction).

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  In *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), the Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless the petitioner makes a showing of cause for the failure and prejudice resulting from the failure.  Thus, claims which have never been presented in the state courts--or claims which were not exhausted properly in the state courts--are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *See id.*; *Bassette v. Thompson*, 915 F.2d 932, 936-37 (4th Cir. 1990); *Collier v. Jones*, 910 F.2d 770, 772-73 (11th Cir. 1990).

---

[3]     Respondent raises no statute of limitations or exhaustion arguments.

While the court agrees with Respondent's procedural default arguments,[4] its inquiry does not end here.   Even where claims have been procedurally defaulted, this court must still consider whether it should reach the merits of the defaulted claims in order to prevent a fundamental miscarriage of justice.  *See Schlup v. Delo*, 513 U.S. 298 (1995).  The miscarriage of justice standard is directly linked to innocence, *id*. at 320, and the miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup, supra*.  To meet this standard a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  *See Schlup*, 513 U.S. at 327; *Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

> *Schlup* observes that
>
> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.

*Id*. at 323; *see also House v. Bell*, 126 S.Ct. 2064, 2077-78 (2006).

The court placed Petitioner on notice of Respondent's procedural default arguments, explained applicable federal legal standards, and afforded him the opportunity to explain why these claims should not be deemed defaulted or why the court should otherwise consider the claims.  Paper No. 10.   In his Reply, Petitioner seemingly asserts that he did not "waive" his claims.  Paper No.

---

[4]      Petitioner did raise his IDA claim in his state habeas corpus petitions.  Because a claim presented in a state habeas corpus petition is not subject to appellate review, it is not deemed to be exhausted.  *See Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n. 1 (4th Cir. 1971).  Therefore, the fact that Petitioner may have raised a portion of his first ground in his 2004 habeas corpus petitions does not take that claim outside the procedural default doctrine.

11.   Given the record before this court, his response fails to make the requisite showing under *Schlup* which would enable the undersigned  to consider his two defaulted claims.  Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.[5]

Standard for § 2254 Review

Petitioner's remaining claim is to be decided under the amendments to 28 U.S.C. § 2254(d) & (e).  *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4ᵗʰ Cir. 2001).  Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333,  n.7 (1997), "which demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curium*).  In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor explained that a state court decision is "contrary to"

---

[5]    The court alternatively finds that Petitioner's IDA and speedy trial claims are subject to dismissal. A claim that the IDA was violated implicates state, not federal, law and is not cognizable under § 2254. *See Roach v. Angelone*, 176 F.3d 210, 216 (4ᵗʰ Cir. 1999).  Further, Petitioner has failed to show a violation of his speedy trial rights under the U.S. Constitution.  The Supreme Court has found "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 523 (1972).  Rather, in determining if there has been a constitutional violation of the Sixth Amendment right to a speedy trial, four factors are considered: the length of the delay; the reason for the delay; when the right was asserted; and whether the accused was prejudiced by the delay.  *See id.*, 407.U.S. at 530.  In Petitioner's case the criminal information was issued in the Circuit Court for Wicomico County on February 5, 2003, and Petitioner's trial occurred approximately five months later, on July 8, 2003. Paper No. 8, Ex. 1.  Petitioner has failed to show that he was prejudiced by this brief delay.

6

clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. at 412-413.  A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id*. at 409-410; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *Booth-el v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002).

Further, federal courts must give great deference to a state court's factual findings.  *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary.   The applicant has the burden of rebutting the presumption of correctness. A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.  *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

With the aforementioned standards in mind, the court shall examine Petitioner's remaining claims of ineffective assistance.

## Analysis

Petitioner claims that his right to effective assistance of counsel under the Sixth Amendment was violated when his trial counsel failed to file or orally request dismissal of the charges based on a violation of his right to speedy trial and equal protections under the IDA and appellate counsel

failed to raise these issues on appeal.  This contention is governed by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish a claim of ineffective assistance of counsel under *Strickland*, a convicted defendant must demonstrate that his counsel's performance (1) "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant.  *Id*. at 688, 692.

In his post-conviction decision denying relief, Judge Jackson made the following statement:

Pending trial, Petitioner was serving time on another sentence.  The then pending charges in this case served as a detainer against Petitioner.  Pursuant to CS 8-501 *et seq*., Petitioner requested final disposition of the pending charges.  More than 120 days lapsed between the time of the request for final disposition and trial.  Petitioner therefore would have been entitled to have the pending charges dismissed *without* prejudice.  CS 8-503.  Petitioner claims that he was denied effective assistance of counsel based on trial counsel's failure to seek dismissal of the charges.

Mr. Clarke specializes in criminal defense and has practiced for over 30 years.  He testified that he was familiar with the Intrastate Detainer Act, having filed two appellate cases involving that statute.  He felt that a dismissal of the pending charges against Petitioner on the eve of his trial date would have adverse consequences.  One of the primary State's witnesses was one William Belfield, whom the prosecution was having trouble locating.  A dismissal without prejudice would allow the State to recharge Petitioner and also to have more time to locate Mr. Belfield and produce him in Court.  With Mr. Belfield out of the picture, Mr. Clarke said, the remaining State's witness, Buffy Brittingham, would have less credibility.  Mr. Clarke testified that he intended to demonstrate bias on her part by showing that she had stolen from Petitioner.  Belfield was also suspected of stealing from Petitioner.  If Belfield testified against Petitioner, Mr. Clarke felt that it would be more difficult to convince a jury that both Belfield and Brittingham were bias [sic] as opposed to just Brittingham alone.

Petitioner bears the burden of proving ineffective assistance of counsel, *State v. Calhoun*, 306 Md. 692, 729 (1986).  There is a strong presumption that counsel was effective.  *State v. Thomas*, 325 Md. 160, 171 (1992) .  To prevail, Petitioner must show that (1) counsel's performance was deficient, and that (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  If trial counsel has a sound tactical reason for action, a court may not deem the action deficient *State v. Mattews*, 58 Md. App. 243 (1984). Likewise, where a certain course of conduct may be harmful, to the defense it will not be ineffective

assistance of counsel to undertake that action.  *State v. Dowdell*, 73 Md. App. 172 (1987).

Petitioner's trial counsel balanced the relative advantages and disadvantages of seeking the dismissal and chose against pursuing it.  Under these circumstances, his performance was not deficient.

Paper No. 9, Ex. 12 at 3-4.

The court finds no basis to overturn Judge Jackson's decision.  At the post-conviction hearing, Petitioner's trial counsel, William A. Lee Clarke, testified that he was aware that Petitioner had filed a request for disposition of an intrastate detainer.  *Id*., Ex. 11 at Tr. 15-16.   He indicated that Petitioner was originally charged in the District Court for Wicomico County, that the case was dismissed by the State, and that the State later filed a criminal information in the Circuit Court.  *Id*., Ex. 11 at Tr. 17.   He states that he did not file a motion to dismiss based upon the IDA because: (1) he was aware the State was having problems locating a key witness, William Belfield, and only had one witness against his client, which "was better for [Petitioner] than if they had two;"[6] (2) dismissal under the IDA is specifically without prejudice, and he made a "tactical decision that there was no advantage to be gained by filing a motion to dismiss, which clearly would be granted and at the same time you would turn around and file new charges;" and (3) he saw no advantage to filing a motion to dismiss or in postponing the case because that would only help the prosecution by giving them the opportunity to locate Belfield and go forward with the case.  Paper No. 9, Ex. 11 at Tr. 17-18 & 20-22, & 24.

As a seasoned criminal defense attorney familiar with the IDA process, trial counsel made a tactical decision not to file for dismissal based upon the IDA violation.  Clarke's determination

---

[6]    Trial counsel testified that he discussed these strategy issues with Petitioner.   Paper No. 9, Ex. 11 at Tr. 18.

took into consideration certain evidentiary concerns in light of the fact that a dismissal of the case under the IDA would not prejudice the State from re-filing the charge and that a key witness, who could not be located by the State at that time, could be located if the trial occurred at a later date. In light of these circumstances, Petitioner has failed to demonstrate both elements of *Strickland*. The post-conviction decision survives scrutiny under 28 U.S.C. § 2254(d).

Petitioner also takes issue with appellate counsel Bradford C. Peabody's failure to raise the IDA issue.   Respondent's Answer does not address this ground.   This claim, however, was never argued in the Maryland courts and is thus procedurally defaulted.   Alternatively, the court finds no merit to the allegation.

A criminal defendant's right to effective assistance of counsel continues through a direct appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Ineffective assistance of appellate counsel may be shown if a petitioner can "establish....that counsel omitted significant and obvious issues while pursing issues that were clearly and significantly weaker....Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Mayo v. Henderson*, 13 F.3d 528, 533 (2[d] Cir. 1994).   A defendant, however, has not necessarily received ineffective assistance when his counsel fails to present every non-frivolous issue on appeal.  An attorney may decline to appeal a non-frivolous but weaker issue if doing so would have the effect of diluting stronger arguments on appeal.[7]  *See Jones v. Barnes*, 463 U.S. 745, 752 (1983).

---

[7]      Appellate counsel cannot be found deficient for failing to present unmeritorious issues and  issues not preserved for appellate review.  *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (strategic and tactical choices regarding the best issues to pursue on appeal "are properly left to the sound professional judgment of counsel"); *Smith v. Murray*, 477 U.S. 527, 534 (1986) (decision to forego a claim that has "little chance of success" does not amount to ineffective assistance of counsel).

On direct appeal, Attorney Peabody argued that the evidence presented at trial was insufficient to support the felony theft conviction. Although rejected by the appellate courts, given the testimonial and documentary evidence presented at trial, this ground did not comprise a frivolous argument. A claim related to a purported IDA and speedy trial violation, however, would have been significantly weaker. As previously discussed, the post-conviction court intimated that such a contention was without merit because dismissal under the IDA would be without prejudice and the State would simply re-file the charges. Petitioner has failed to show that the IDA claim was a significantly stronger claim and that Peabody ignored or purposefully failed to include the ground in the appellate brief. Further, the record clearly shows that this claim was not preserved for appellate review.

<u>Conclusion</u>

The court finds that Petitioner's habeas claims are procedurally defaulted, do not merit reconsideration of prior state rulings under Supreme Court precedent, and/or do not comprise violations under the Constitution, laws, and treaties of the United States. Consequently, the Petition shall be denied and the case shall be dismissed with prejudice. A separate order follows.

Date:   ____June 5, 2007____          _____/s/_____
                                                              DEBORAH K. CHASANOW
                                                              United States District Judge